·· WILLIAM E. HALE, Receiver, vs. HENRY L. CUSHMAN.

·  ... ·  Androscoggin.  Opinion January 23, 1902.

*Limitations.  Stockholders' Liability.  Receiver.  Foreign Judgment.  R. S., c. 81,*
*§ 82.*

1.  The cause of action "on any contract or liability expressed or implied"
(R. S., c. 81, § 82) does not accrue the moment the contract is made or the
liability is incurred, but only when there is a breach of duty.

2.  The statutory duty of a stockholder in a Minnesota corporation to con-
tribute to the payment of the debts of the corporation does not arise at
the time of the insolvency of the corporation, nor until it has been judicially
determined that a resort to the liability of the stockholders is necessary
and authority is given to enforce it.  There is no breach of duty by the
stockholders, and the cause of action upon such liability does not accrue
until then.

3.  Where a Minnesota corporation was adjudged insolvent May 20, 1893,
but the fact and amount of the deficiency of the corporate assets to pay
corporate debts were not adjudicated until Nov. 5, 1897, when a special
receiver was appointed to collect the amount of such deficit from the stock-
holders, the duty of the stockholders to make contribution did not arise
till the latter date, and an action begun within six years from that date,
Nov. 3, 1897, is not barred by our statute of limitations.

Exceptions by defendant.  Overruled.

Assumpsit by plaintiff as receiver, appointed by the District
Court of Hennepin county, Minnesota, for the enforcement and col-
lection of the liability of stockholders of the Northwestern Guaranty
Loan Company, an amount equal to the par value of the shares in
said corporation owned by said defendant.

The defendant plead the general issue and the statute of. limitations
among other things by way of brief statement.

The opinion states the case.

*E. W. Freeman; M. H. Boutelle* of the Minnesota bar, for plaintiff.

Counsel cited:  *Childs* v. *Cleaves,* 95 Maine, 498;  *Hale, Receiver,*
v. *Hardon,* 95 Fed. Rep. 747;  Wood on Limitations of Actions,
254;  *Hale, Receiver,* v. *Hilliker,* 109 Fed. Rep. 273; *Howarth*
v. *Ellwanger,* 86 Fed. Rep. 54;  *Hawkins* v. *Glenn,* 131 U.

S. 319; *Glenn* v. *Liggett*, 135 U. S. 533; *Howarth* v. *Angle*, 162 N. Y. 179, 47 L. R. A. 725.

*G. C. Wing*, for defendant.

Counsel cited: *Howell* v. *Young*, 5 B. & C. 219; *Battley* v. *Faulkner*, 3 B. & Ald. 288; *Kerns* v. *Schoonmaker*, 4 Ohio, 331, 22 Am. Dec. 757; *Strasburg Railroad Co.* v. *Echternacht*, 21 Penn. 220.

Sitting: Wiswell, C. J., Emery, Strout, Fogler, Peabody, JJ.

Emery, J. The Northwestern Guaranty Loan Company, incorporated under the laws of Minnesota and located and doing business in that State, was, on May 20th, 1893, adjudged insolvent by the proper court in Minnesota, and a receiver was appointed to collect and administer its assets. Later in these proceedings upon proper application to the proper court in Minnesota, it was found and adjudged on Nov. 3, 1897, that the assets were insufficient by the sum of $2,867,394.37 to pay the indebtedness of the corporation. Thereupon, upon the same day, the plaintiff was appointed by the court a special receiver for the special purpose of enforcing the statutory liability of the stockholders under the statutes of Minnesota for the benefit of the creditors of the corporation. The outstanding shares of the capital stock of the corporation at that date numbered 12,500 of the par value of $100 each. Of these the defendant held, and had held, 20 shares, and this action is against him to enforce his liability on such shares.

The question of the liability in this court of the stockholders in similar Minnesota corporations under the statutes of Minnesota as interpreted by the Minnesota courts, and the court proceedings leading to the appointment of a special receiver to enforce this liability, were all fully reviewed and considered by the court in the recent similar case of *Childs, Receiver*, v. *Cleaves*, 95 Maine, 498, and need not be again gone over here. Indeed, the defendant's counsel frankly and honorably concedes, what is true, that the case of *Childs* v. *Cleaves* is decisive against him of his liability in this suit, unless the action is barred by our statute of limitations, R. S., c 81, § 82, which provides

that "actions of assumpsit, or upon the case founded on any contract or liability expressed or implied," shall be commenced "within six years after the cause of action accrued and not afterwards." This action was begun March 9, 1901.

The defendant contends that his liability accrued at least as early as May 20, 1893, when the corporation was adjudged insolvent and put in charge of a receiver, and hence that the cause of action against him upon that liability accrued then, if not before, and became barred May 20, 1899, before this action was begun.

It does not follow, however, from the language of the statute that a cause of action accrues as soon as a contract is made or a liability is incurred. The obligation or liability, though existing, may yet be conditional with conditions precedent negativing any right of action until the conditions are all fulfilled. The contract or statute creating the liability may require the observance of many preliminaries before there shall be a right of action to enforce it. It may require a certain lapse of time after the liability is determined, before an action can be brought, as in the case of many insurance statutes and contracts. In fine, it may be stated as a general rule that no right or cause of action exists or accrues until there is a breach of duty.

The question, therefore, in this case is, when did the defendant first become delinquent in duty? It was held in *Childs* v. *Cleaves*, supra, that, under the statutes and judicial decisions of Minnesota, the liability of the stockholders to creditors of the corporation to make good the deficiency of corporate assets up to an amount equal to the par value of his shares, though a liability in existence, was in abeyance until the fact and extent of such deficiency were judicially ascertained and declared and a receiver appointed to enforce the liability of the stockholders. The liability is not primary, to be enforced as soon as a debt against the corporation matures; but is secondary, somewhat like that of a guarantor, to be enforced only when the inability of the corporation is judicially demonstrated, when the assets of the company are judicially found to be insufficient, and the amount of the deficiency definitely ascertained.

The liability is analogous to that of a stockholder to creditors for unpaid subscriptions for stock which the corporation itself is barred

from collecting. In such cases it has been held that no action can be maintained against the stockholder by a receiver or assignee for benefit of creditors, until the fact and extent of the deficiency of the corporate assets have been ascertained and declared by some competent authority. *Gillin* v. *Sawyer*, 93 Maine, 157; *Hawkins* v. *Glenn*, 131 U. S. 319.

The defendant in this case clearly did not become delinquent in duty, at least until the proper authority in Minnesota ascertained and declared there was occasion to resort to his liability, and authorized its enforcement. This, as already stated, was not until Nov. 3, 1897, when it was found for the first time what was the deficiency of corporate assets and how much would be required of the stockholders. The right or cause of action did not accrue before that day, and hence this action begun March 9, 1901, was seasonably begun.

*Exceptions overruled.*