## ALFRED L. MILLER et al., Appellants, v. FLORENCE E. CONNOR, Respondent.

**St. Louis Court of Appeals, November 4, 1913.**

1. **TRIAL PRACTICE:** · **Judgments:** **Holding Judgment Open: Equity.** Although a court of equity has no power to hold a cause open after final judgment, for a further adjudication on the merits, it may retain the cause for administrative purposes, and may make further orders, from time to time, to carry the judgment into effect.

2. **BANKS AND BANKING:** **Liability of Stockholders:** **Judgment:** **Final Judgment.** Creditors of an insolvent bank in Colorado brought an action in equity against the bank and its stockholders in the courts of that State for an accounting and ascertainment of the *pro rata* amount due by stockholders under a statute imposing liability upon them. The decree fixed the liability of each stockholder, and appointed persons to collect the amount so fixed by the prosecution of suits against the stockholders, *Held*, that the decree was a final one, notwithstanding it recited that it was continued on the docket for the purpose of being carried into effect and for such further proceedings and ascertainments as may be necessary; the recital as to the retention of jurisdiction for the purpose of making further ascertainments being surplusage, in view of the fact that the court had exhausted its power with respect to ascertainments.

3. ———: ———: **Ascertainment Decree:** **Admissibility in Evidence.** A decree of a court of another State ascertaining the liability of stockholders of an insolvent bank, under a statute of such State, is prima facie evidence of the liability of a stockholder sued in this State, although he was not personally served in the action.

4. **STATUTE OF LIMITATIONS:** **Foreign Cause of Action: Statute Applicable.** In a suit on a cause of action arising in a foreign jurisdiction, the limitation prescribed by the State of the forum will prevail, unless a local statute operates to destroy the cause of action.

5. ———: **Banks and Banking:** **Liability of Stockholders:** **Accrual of Cause of Action.** The right of action against each shareholder of an insolvent bank in Colorado for double liability imposed by a statute of that State does not accrue, so as to start the running of the Statute of Limitations, until the insolvency of the bank, its consequent inability to pay, and the amount necessary to be paid by each stockholder to liquidate the indebtedness, is determined by a competent tribunal.

Appeal from St. Louis City Circuit Court—*Hon. George H. Williams,* Judge.

Reversed and Remanded.

*Stephen C. Rogers* for appellants.

(1) The court erred in refusing to permit the introduction in evidence of "plaintiff's 'exhibit D'," the decree of the Colorado Court ascertaining pro rata amount due by each stockholder, because (a) The cause of action arose in Colorado and is governed by the limitation Statutes of that State. R. S. 1899, Sec. 4280; Berkley v. Tootle, 163 Mo. 584; Wojtylak v. Kansas & Texas Coal Co., 188 Mo. 260; Merritt Creamery Co. v. Railroad, 128 Mo. App. 420; McCoy v. Railroad, 134 Mo. App. 622. (b) To rely on the Colorado Statute of Limitations it should have been pleaded. Pats. Mo. Code Pl., Sec. 185, p. 115-16; Stevenson v. Smith, 189 Mo. 447. (c) The cause of action did not arise until a judicial ascertainment was held. R. S. 1899, Sec. 985; Boeppler v. Menown, 17 Mo. App. 447; McClaren v. Franciscus, 43 Mo. 452; Pfaff v. Gruen, 92 Mo. App. 560; 10 Cyc., pp. 656, 672, 675, 681, 724, 726, 727, 729, 731, 732, 733, 735; Bernheimer v. Converse, 206 U. S., 516; Buenz v. Cook, 15 Colo., 38; Richardson v. Boot, 18 Colo. App., 140; Zang v. Wyant, 25 Colo., 551; Abbott v. Goodall, 100 Me. 235; Miller v. Smith, 58 Atl., 638; Miller v. Willett, 62 Atl., 178; 65 Atl., 981; Miller v. Clifford, 133 Fed., 880; Hale v. Cushman, 96 Me., 148; Gillin v. Sawyer, 93 Me., 152; Hawkins v. Glenn, 131 U. S., 319; McClaine v. Rankin, 197 U. S., 154; Scovill v. Thayer, 105 U. S., 143; Rankin v. Barton, 199 U. S., 228; Glenn v. Liggett, 135 U. S., 533; Glenn v. Marbury, 145 U. S., 499; Howarth v. Ellwanger, 86 Fed., 54; Goss v. Carter, 156 Fed., 747; King v. Pomeroy, 121 Fed., 287; McCarter v. Ketcham, 72 N. J. L., 247; Flynn v. Am. Trust Co., 69 Atl. 771. (2) The court erred in rendering judgment for defendant, and in not

rendering judgment for plaintiffs.    (a)    Because the defendant by voluntarily becoming a stockholder submitted herself to the jurisdiction of the Colorado courts; she sought the benefits and must assume the burdens.    Pfaff v. Gruen, 92 Mo. App. 566; Howarth v. Lombard, 175 Mass., 570; Howarth v. Angle, 56 N. E.. 489; Kirtley v. Holmes, 107 Fed., 1; Hale v. Hardon, 95 Fed., 747, 37 C. C. A., 240; Converse v. Ayer, 84 N. E., 98; Young v. Farwell, 139 Ill., 326; 10 Cyc., 735 "3."    (b)  The decree of the Colorado court is prima facie good.    Pfaff v. Gruen, 92 Mo. App., 560; Tremblay v. Ins. Co., 97 Me., 547; Tourigny v. Houle, 88 Me., 406; Laing v. Rigney, 160 U. S., 531, 10 Cyc., 735, "Q. 3".

*Walter H. Saunders,* for respondent.

(1)    The objection to the introduction of any testimony should have been sustained, because the petition did not state a cause of action, since it attempted to bind defendant by an alleged decree to which she was not a party, contrary to the due process of law requirements of both the Federal and State Constitutions. Pennoyer v. Neff, 95 U. S., 714; Bernheimer v. Converse, 206 U. S. 516.    (2)  The alleged Colorado decree offered should have been excluded, because  (a) It was not a final decree;  (b)  The alleged cause of action was, in any event, barred by the Missouri Statute of Limitations of five years as to liability created by statute, other than a penalty or forfeiture.    Section 4273, R. S. 1899.  The Colorado Statute of Limitations does not govern in this case because neither pleaded nor proved, and because, in any event, it would be inapplicable, if prescribed a longer time than the Missouri statute, since Section 4280, R. S. Mo. 1899, gives the local defendant the benefit of a foreign statute when prescribed a shorter period than the local statute.    But it does not apply when the foreign statute of limitations is longer than the local statute.

Bemis v. Stanley, 93 Ill. 230; Wright v. Mordaunt, 77 Miss. 537. (3) In this case, the Statute of Limitations begins to run from the insolvency of the bank. Bennett v. Thorne, 78 Pac. 937; Willius v. Albrecht, 100 Minn. 436; Bridge Co. v. City of Durand, 99 N. W. 603. (4) Section 985, R. S. 1899, is inapplicable as to the procedure, because it in terms applies only to unpaid stock subscriptions, and Section 1331, R. S. 1899, which would be applicable, is now obsolete. Banking Company to use of Simpson v. McCoy, 168 Mo. 634. (5) There is no presumption that the common law obtains in Colorado. Witascheck v. Glass, 46 Mo. App. 209. And it is conceded that there is no statutory procedure in Colorado authorizing the fixation of stockholder's double liability. There is no statutory procedure in this State on the subject. (6) Defendant was not a party to the alleged decree, sought to be introduced, in any manner, nor is she bound by privity between the corporation and herself on the theory of representation. Pennoyer v. Neff, 95 U. S. 714; Bernheimer v. Converse, 206 U. S. 516; Due Process of Law Clause, 14th Amendment, Fed. Const.; Section 30, Art. 2 of Missouri Constitution. The maxim *audi alteram partem* is the foundation of all well-ordered jurisprudence. Clark v. Knowles, 197 Mass. 35. (7) At the time the alleged decree was offered in evidence, there had been no proof introduced to show that the defendant was the owner of two shares of stock in the State bank; hence, in any aspect, the offer should have been rejected.

NORTONI, J.—This is a suit at law on the statutory liability of a stockholder in an insolvent bank for the pro rata proportion of its indebtedness, ascertained in favor of the creditors of the bank against the shareholders. The court found the issue and gave judgment for defendant as if the statute of limitations pleaded in the answer barred the right of recovery, and plaintiffs prosecute the appeal.

It appears from the petition, and likewise from the evidence in the record, that the State Bank of Monte Vista, Colorado, was a corporation organized and doing business under the laws of that State. On June 15, 1899 the bank made an assignment of all of its assets to Norman H. Chapman, under the laws of Colorado, for the benefit of its creditors. It was incorporated for $80,000 and its 800 shares of stock represented a par value of $100 each. Defendant was and is owner and holder of two shares of the capital stock of the bank and she is a resident of the city of St. Louis, Missouri. It appearing that the assets of the bank were wholly insufficient to meet its liabilities, the three plaintiffs, Alfred L. Miller, Dan Workman and Phebe C. Smith, together with many other creditors of the bank, on June 9, 1905 instituted a suit in equity against the bank, Norman H. Chapman, its assignee, and all of its stockholders in the district court at Denver, Colorado, for an accounting and ascertainment of the pro rata amount due by the respective stockholders under their secondary or statutory liability for the debts of the bank. The district court at Denver possessed jurisdiction in that behalf, and it appears that the bank, Chapman, the assignee, and others were duly served with process. The bank and the assignee both defaulted, however, and John E. Kipp, one of the stockholders therein, appeared, filed his answer and made defense to the suit. This defendant was a nonresident of Colorado and not served in the cause, for that she resided in the city of St. Louis, and she made no appearance therein.

On May 28, 1907, a hearing was had in the district court at Denver, and a finding and decree were rendered in the equity case, by which the entire indebtedness of the bank then unpaid was ascertained to be $84,318.89, and that the total liabilities of the stockholders of the bank under the Colorado statute were $160,000—that is, double the amount of the stock held by them. The decree sets forth the names of all of the

creditors of the bank, and likewise sets forth the names of all of the stockholders, together with the amount of stock owned by each. Having thus found and ascertained the entire indebtedness of the bank and accounted for all of its assets and having found and decreed a deficiency of $84,319.89, the court further found and ascertained a liability under the Colorado statute imposing a double liability in such cases of 53.5 per centum of the stock liability against each and all of the stockholders. By this ascertainment and decree, defendant, owner of two shares of the stock of $100 par value each, was decreed to be indebted to plaintiffs in the amount of $214.

The petition sets forth these facts and pleads as well the Colorado statute by which the liability is fixed upon such stockholders. That statute is as follows:

"Shareholders in banks, savings banks, trust deposits and security associations shall be held individually responsible for debts, contracts or engagements of the said association in double the amount of the par value of the stock owned by them respectively." [See Laws of Colorado, 1885, p. 264.]

Under this statute and in accordance with the ascertainment decreed by the district court at Denver, Colorado, plaintiffs pray judgment against defendant for her pro rata contribution to the sum of $84,319.89 —that is, $214. By the ascertainment decree in equity, it appears the court appointed the three plaintiffs to prosecute this and other suits for themselves and all other creditors likewise situated, to the end of enforcing the payment of the amounts ascertained to be due from the stockholders.

By her answer, defendant pleaded the Missouri statute of limitations—that is, section 4273, Revised Statute 1899; the same to be found in our present statute, section 1889, Revised Statute 1909. This section, together with section 1887, Revised Statute 1909 (Sec. 4271, R. S. 1899) provides that an action upon a liabil-

ity created by a statute other than a penalty or forfeiture shall be barred within five years from the time it accrued. The statute of Colorado above set out was given in evidence, and so, too, were other relevant facts, but the court excluded, on objection of defendant, the ascertainment decree above referred to.

There appears to be three separate reasons assigned by the counsel as sufficient for excluding the ascertainment decree from evidence. It is said, first, the decree reveals on its face that it was not a final one. Obviously this objection is without merit, for it appears the decree made a final disposition of the merits of the case then in judgment. Among other things, it reckoned with, and approved, the assignee's accounts, and dismissed him entirely, for it appears he was an officer of the same court. Moreover, it found all of the indebtedness of the bank and its creditors through itemizing the same, found the bank to be without funds to pay the balance due, and ascertained the pro rata amount which should be paid on account of the stock liability under the statute of each shareholder, appointed the three plaintiffs to go about collecting the amount so ascertained by the prosecution of suits in different jurisdictions where the shareholders resided, etc. It is true that, by the concluding part of the decree, the cause is continued upon the docket of the court for the purpose of carrying the decree into effect, and it is said, too, for such further proceedings and ascertainments as may be necessary. As to further proceedings touching ascertainments, it is clear the court had exhausted its power in the premises, and those words amount to nothing. It was perfectly proper for the court to continue the cause and supervise the administration of the decree. Such is a usual course in equity. As the court had exhausted its power in the matter of making further ascertainments, the words with respect to that matter should not be interpreted so as to render the decree invalid as one of ascertainment, which it so

fully appears to be. It is certain that, though a court of equity may not hold the cause open after judgment for a further adjudication on the merits, it may retain it for administrative purposes and make further orders from time to time to carry the decree into effect. [See Ball v. Peper Cotton Press Co., 141 Mo. App. 26, 121 S. W. 798; St. Louis v. Crow, 171 Mo. 272, 71 S. W. 132.] This is substantially what was done.

Defendant, in the instant cause, though made a party to the suit in equity in the district court at Denver, was never served with process therein and made no appearance thereto. Because of this, it is urged, secondly, the court properly excluded the ascertainment decree, for it is said to be without force or effect whatever as against her. Though it be true that one is not usually concluded, or in any wise affected, for that matter, by a judgment to which he was not a party, the rule is not the same where a secondary liability of the stockholder, as here, is sought to be enforced to compensate the debts of the insolvent corporation. Some of the cases go to the extent of saying that the stockholders are all represented through the entity of the corporation when duly served, and that the decree binds them though they are not personally served. However, this court had occasion to investigate the precise question heretofore, and declared that the ascertainment decree in such circumstances, though not conclusive, is to be received in evidence as sufficient, prima facie, against a stockholder who was not served and did not appear in the case. The matter is fully discussed and the rule so declared in Pfaff v. Gruen, 92 Mo. App. 560. [See, also, Swing v. Karges Furn. Co., 123 Mo. App. 367, 392, 393, 100 S. W. 662.]

It would seem, from what appears in the record, that the court excluded the ascertainment decree from evidence and gave judgment for defendant on the theory that the cause of action here involved was barred

by our statute of limitations above referred to, and such is the third reason assigned to sustain the ruling made. The parties treat this as the principal question for consideration here, and indeed, it appears to be. There is no reference to the statute of limitations prescribed by the State of Colorado with respect to such matters, and we are wholly unadvised on that score.

Unless it be a case where the local statute operates to destroy the cause of action, it is said the limitation prescribed by the State of the forum is to prevail. Such is the certain rule deduced from the cause of St. Louis Type Foundry Co. v. Jackson, 128 Mo. 119, 30 S. W. 521; and Berkley v. Tootle, 163 Mo. 584, 63 S. W. 681. As before said, the Missouri Statute of Limitations, prescribing five years as a bar to action on any liability imposed by statute other than a penalty or forfeiture, is to be considered. This suit was commenced March 19, 1908. It appears that service was duly had at that time. The ascertainment decree, by which defendant was found to be liable for the payment of $214 because of her ownership of two shares of the bank stock and the Colorado statute above quoted, was entered in the district court at Denver on May 28, 1907. It is clear that, if the cause of action here sued upon accrued at the time of such ascertainment, the statute of limitations relied upon is without influence in the case.

But it is argued on the part of defendant that, as the bank became insolvent and so voluntarily confessed itself through the assignment on June 15, 1899, the cause of action accrued on that date against defendant and the statute has barred the right to sue. It seems that this argument omits to reckon with the character of liability imposed by the statute on the shareholders in the bank. This statute imposes a liability for the debts of the bank in favor of the creditors of the bank in double the amount of the par value of shares held by defendant. Such is not an obligation of the share-

holder to the bank as such, but is rather an obligation which it is said is contractual in character in favor of the creditors and secondary to the bank as the principal debtor. The rule of decision is well established to this effect and it will be unnecessary to cite more than the well-considered case of Pfaff v. Gruen, 92 Mo. App. 560 to sustain it. But see, also, Abbott v. Goodall, 100 Me. 231. This being true, it would seem, as a necessary sequence, that until the insolvency of the bank, its consequent inability to pay, and the amount essential to be contributed by each stockholder to that end is ascertained and determined by a competent tribunal, no cause of action accrues therefor. Indeed, it is said that the ascertainment of the debts and liabilities of the bank and the judicial determination of the necessity and the requisite extent of the enforcement of the stockholders' liability are essential prerequisites to the collection of the amounts owing by them. Until such an ascertainment is had, the liability and its extent may not be fixed upon anyone, for it may be that the bank during liquidation would realize sufficient on its assets, as is frequently done through increase in values of investments, to pay out without resort on the part of the creditors to the secondary obligation of the shareholders. When judicial ascertainment is had and the assets of the bank are definitely determined to be insufficient, then the pro rata contribution of the shareholders may be extended against them to supply the deficiency. It is as a result of such judicial determination and ascertainment that the cause of action arises against the shareholder in a fixed amount. The amount thus fixed for the shareholder to pay then becomes due and it is the failure to pay it, when so ascertained to be due, that constitutes the breach of duty because of which the cause of action accrues. This being true, the statute of limitations does not commence to run until that time. [See Hale v. Cushman, 96 Me. 148; Bernhei-

mer v. Converse, 206 U. S. 516, 534, 535; Deweese v. Smith, 106 Fed. 438; King v. Pomeroy, 121 Fed. 287.]

In this view, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.