HYDRAULIC PRESS BRICK COMPANY, Respondent, v. CHARLES E. LANE, MONROE CONSTRUCTION COMPANY, FRED W. LOVETTE, ST. LOUIS LUMBER COMPANY, LACLEDE TRUST COMPANY, et al., Defendants, LACLEDE TRUST COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs December 3, 1917. Opinion Filed January 8, 1918.

1. **APPELLATE PRACTICE:** Judgments: Final Judgment. A judgment that substantially follows the provisions of section 8235a, Laws of 1911, p. 314, adjudging, in the same suit, the rights of the parties having mechanics' liens, and directing the sheriff to hold the proceeds of the sale subject to the order of the court, the court retaining jurisdiction for the purpose of making "such further orders and decrees as may be proper," *held* a final judgment from which an appeal would lie; a judgment being final for purposes of appeal, although some incidental judgment or dependent matter may remain for adjustment, or further proceedings may be contemplated and necessary in the execution of the judgment, order, or decree.

2. **MECHANICS' LIENS:** Proceedings Constituting Commencement of Action: Filing Petition: Process. Where a petition in a suit to enforce a mechanic's lien was filed at the October term and within 90 days after the filing of plaintiff's lien, the suit was begun within 90 days as to defendants served by publication, although the order of publication was not made or published until the December term following, at which term the summons was returnable, in view of Rev. St. of Mo. 1909, section 1756, providing that the filing of a petition shall be taken and deemed the commencement of the action.

3. ———: Trial Practice: Prosecution of Action: Unreasonable Delay. Where plaintiff's petition in a mechanic's lien suit was filed at the October term, returnable to the December term, when order of publication was made, which was returnable to February term, replies filed at the same term, and case heard at June term, it cannot be said that there was an unreasonable delay on plaintiff's part in proceeding with the case; there being no application made by any party or order of court under section 8235a, Laws 1911, p. 316, speeding up the action.

4. ———: ———: Publication by Defendant: Necessity. Where, in a suit to enforce a mechanic's lien, plaintiff's service by publication was timely, it was unnecessary for a defendant, filing an answer and seeking to enforce its own lien, to sue out an order for publication, since that sued out by plaintiff was sufficient for the whole case.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Henry H. Oberschelp* for appellant.

(1) (a). The only service in the suit as to the holder of the first deed of trust on the other lot and building was by publication, and the suit could not be deemed commenced as to such holder until plaintiff had done all it could do to secure, and make and complete such service by application. Sec. 1756, R. S. 1909; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 333, 334; White v. Reed, 60 Mo. App. 380, 386, 387; State ex rel. v. Broaddus, 245 Mo. 137; Pitkin v. Flagg, 198 Mo. 646, 651; Secs. 1776 and 1777, R. S. 1909; 1. C. J. 1159; 1. Cyc. 750. (b) The suit was not commenced as to such holder within ninety days after the filing of plaintiff's alleged

mechanics' lien, and therefor did not bind such holder
of the first deed of trust and the interest it held in lot
23 and building thereon. Sec. 8228, R. S. 1909; Riverside
Lumber Co. v. Schafer, 251 Mo. 539, 551, 552; Hiller v.
Schulte, 184 Mo. App. 42, 46; Anheuser-Busch Brewing
Assn. v. South. Bowling Assn., 134 Mo. App. 312. (c)
As such lien failed to bind such holder and the first
deed of trust and interest it held in lot 23 and its build-
ing, being an alleged blanket lien, seeking to bind all,
it also failed to bind the Laclede Trust Company and
the first deeds of trust and the interests it held in the
lots 22 and 24 and the building thereon. Hiller v.
Schulte, 184 Mo. App. 42, 49. (d) Besides there was
unnecessary delay by plaintiff in the prosecution of its
suit for mechanics' lien, which was fatal. Sec. 8228, R.
S. 1909. (2) (a) There was no service by publication
or otherwise on the holder of first deed of trust on lot
23 as to the Lumber Company's answer and interven-
ing petition and prosecution of its claim, and therefore
its lien did not bind such. Marshall v. Reddick, 177 S.
W. 381; Jones v. Alf. Bennett Lbr. Co., 175 Mo. App.
26; State ex rel. Coleman v. Blair, 245 Mo. 680; Harness
v. Cravens, 126 Mo. 233; Otis v. Epperson, 88 Mo. 131;
Woodruff v. Bunker Cullen Lbr. Co., 242 Mo. 381;
Kunzi v. Hickman, 243 Mo. 103, 113, 114; Parker v.
Benton, 172 Mo. 85; 32 Cyc. 481, 483. (b) Even if the
publication by plaintiff be regarded as being a service
and commencement in favor of the Lumber Company as
to the prosecution of its alleged lien, yet such publica-
tion was not had and completed within ninety days after
the filing of its lien and therefore failed as to such
other holder. See cases cited under Point 1 (a) and (b).
(c) Therefore, as said Lumber Company also sought one
blanket lien against all, failing as to such other, it
also failed as to the Trust Company and the first deeds
of trust and interest it held in lots 22 and 24 and build-
ings thereon. Hiller v. Schulte, 184 Mo. App. 42, 49.
(3) If the Trust Company be required to pay any or all
of the claims to protect its interests, the court should
have granted it relief and not sacrifice its interests for

what went into the other building in which it had no interest.

*Eliot, Chaplin, Blayney & Bedal* and *McLaran & Garesche* for respondents.

(1) (a) Respondents commenced suit against the unknown holder of the deed of trust on lot 23 within ninety days after they had filed their respective liens. Secs. 1756, 8220, 8221, 8228, R. S. 1909. McGrath v. Railroad, 128 Mo. 1, 8 and 9; S. Mo. Lbr. Co. v. Wright, 114 Mo. 326, 334; Moore v. Ruxlow, 83 Mo. App. 51; Gosline v. Thompson, 61 Mo. 471; State ex rel. v. Broaddus, 245 Mo. 123, 137; Riverside Lumber Co. v. Schafer, 251 Mo. 539, 552; 1 Corpus Juris, 1158; Badger Lumber Co. v. Staley, 141 Mo. App. 295, 298; Matthews v. Stephenson, 172 Mo. App. 220, 228; Weis Cornice Co. v. Neevel & Sons, 187 Mo. App. 496. (b) Even if the unknown holder of the deed of trust on lot 23 was made a party defendant after ninety days, this was sufficient. American Radiator Co. v. Connor Co., 184 S. W. 907. (c) The holder of the deed of trust on lot 23, being unknown to respondents, its interest not being disclosed of record, is bound by having its assignor, Lovett, a party to the suit, since respondents' liens are superior to the deed of trust. Sec. 8235-B, R. S. 1911, page 315; Redlon v. Badger Lumber Co., 194 Mo. App. 650. (2) It was unnecessary for respondent, St. Louis Lumber Company, to obtain a separate order of publication. The order of publication of the respondent, Hydraulic Press Brick Company, brought the parties affected by the order into court for the purpose of having the Lumber Company's lien enforced against them. Ses. 8235-E, Laws 1911, page 316; Sec. 8235-D, Laws 1911, page 315; Sec. 1776, R. S. 1909. (3) (a) Even though the unknown holder of deed of trust on lot 23 was not a party to the suit, or is not bound by the decree, still the appellant's interest in lots 22 and 24 is bound. Sec. 8221, R. S. 1909; Badger Lumber Co. v. Ballentine, 54 Mo. App. 172; Riverside Lumber Co. v. Schafer, 251 Mo. 539, 552; Miller Lumber Co. v. Oliver,

65 Mo. App. 435; Bulger v. Robertson, 50 Mo. App. 499; Brown v. Wright, 25 Mo. App. 54; Kneisley Lumber Co. v. Stoddard Co., 113 Mo. App. 306; Fire Door Co. v. Viviano, 194 Mo. App. 440; Brockett Co. v. Logan, 187 Mo. App. 322; Ind. Sash Door Co. v. Bradfield, 153 Mo. App. 527. (b) The liens filed by respondents did not have to apportion the material. Sec. 8237, R. S. 1909; Lumber Co. v. Roeder, 81 Mo. App. 337; Bickel v. Roeder, 81 Mo. App. 653; Walden v. Robertson, 120 Mo. 38. (c) This case is not similar to that of Hiller v. Schulte. Hiller v. Schulte, 184 Mo. App. 42; Bolen Coal Co. v. Ryan, 48 Mo. App. 512; Mo. Lbr. Co. v. Sedalia, 78 Mo. App. 230. (d) Appellant asked for no relief in its answer as against the Union Station Bank and cannot now make that an issue in this case. Coen v. Hoffman, 188 Mo. App. 314. (4) The respondents prosecuted the suit with due diligence. Nicol Heating & Plumbing Co. v. Neevel, 187 Mo. App. 584, 586.

STATEMENT. This is an action brought to enforce a mechanic's or materialman's lien on lots 22, 23 and 24 of Marcus Avenue Heights, in city block 4391B in the city of St. Louis, it being averred that they are the same property theretofore conveyed by deed from Eva L. Wertz to Monroe Construction Company, dated February 4, 1914, and recorded February 4, 1914. The defendants named in the petition are Charles E. Lane and Lora B. Lane, his wife, Eva L. Wertz, the Monroe Construction Company, Richard F. Goodnow, trustee, Fred W. Lovett, Laclede Trust Company, St. Louis Lumber Company, Isaac R. Goldberg, doing business as Isaac R. Goldberg & Company, and "the Unknown Consorts, Heirs, Devisees, Donees, Alienees, or Immediate or remote, voluntary or involuntary grantees or Fred W. Lovett." Setting out that plaintiff, on January 29, 1914, has entered into a contract with the Monroe Construction Company, whereby it agreed to furnish to that company certain brick for three one-story buildings to be known as numbers 4866, 4868 and 4870, Carter Avenue in the city of St. Louis, situate on premises which are described

as above, it is averred that the buildings are erected on contiguous lots. It is further averred that at the time of making the contract with the Monroe Construction Company, the legal title to the above described premises was in Charles E. Lane and that on February 3, 1914, Lane and his wife transferred the property to defendant Eva L. Wertz by deed duly recorded, and on February 4th, Eva L. Wertz transferred the property to the defendant Monroe Construction Company. Averring that plaintiff is unable to state whether at the time it entered into its contract with the Monroe Construction Company, that company was the general contractor for the erection of the building under contract with Charles E. Lane, the then owner, or with the defendant Eva L. Wertz, who afterwards became the owner, or whether the Monroe Construction Company was the equitable owner of the property at the time, plaintiff declares its belief of one alternative or the other and its ignorance as to whether it be the one or the other. It is then averred that commencing February 12, 1914, and ending March 24, 1914, plaintiff continuously furnished to the Monroe Construction Company under its contract, brick to the value of $563.30 for the three buildings described and that this material was furnished for and actually entered into the construction of the three one-story brick buildings, the particulars appearing in the account filed, which sets out the items and dates. The petition then makes the necessary averments as to filing the lien claim in the proper office, the latter being done July 24, 1914. As there is no question made as to the lien account, its correctness and filing, it is not necessary to further particularize it. It claimed a balance due and unpaid of $327.15 for which plaintiff claims a lien against the contiguous lots as described and the three buildings thereon. It is further averred that on September 23, 1914, the defendant St. Louis Lumber Company filed in the circuit court of the city of St. Louis its lien against the property herein described in the sum of $72.14; that on October 2, 1914, the defendant Goldberg filed with the same officer his lien against the property described, in the sum

of $575.69. The petition further sets out that the defendants Goodnow, trustee, and Lovett claim some interest in the property and improvements under certain deeds of trust, all dated February 4, 1914, executed by the Monroe Construction Company to Richard F. Goodnow, trustee for Fred W. Lovett, the first deed of trust on each lot securing one principal note for $1650, due three years after date, with six semiannual interest notes each for $49.50, the second securing twenty-six notes for $25 each and one for $200, the first note due four months from date and one note due each month thereafter, totalling $850, which deeds of trust, it is averred, were filed for record in the office of the Recorder of Deeds of the city of St. Louis at dates set out, not now material. It is further averred that the defendant Laclede Trust Company at one time claimed to own certain of the notes secured by certain of the deeds of trust mentioned but plaintiff, it is averred, is ignorant whether that Trust Company still owns the same, wherefore that Trust Company is made a defendant to the suit. On information and belief, it is averred that Fred W. Lovett and the Monroe Construction Company are not now the present owners or holders of the notes secured by the deeds of trust heretofore set out and plaintiff therefore states that they are and that it verily believes that there are persons interested or who claim to be interested in the subject-matter of the petition and the real estate hereinbefore described, whose names cannot be inserted herein because they are unknown to it and that such unknown persons derive or claim to derive their titles or claims as consorts, heirs, devisees, donees, alienees or immediate, mesne or remote, voluntary or involuntary grantees of Fred W. Lovett and the Monroe Construction Company; that Fred W. Lovett, the Monroe Construction Company, and defendant Laclede Trust Company, were the last persons known to plaintiff to have an interest in the property by virtue of the deeds of trust hereinbefore set forth, and that said unknown persons derive or claim to derive their titles or claims as consorts, etc., or voluntary or involuntary gran-

tees of Lovett and the Monroe Construction Company
and the Laclede Trust Company by virtue of the note se-
cured by the deeds of trust before set out. Plaintiff there-
fore prays that an order of publication issue for the un-
known consorts, etc., grantees of the defendants Lovett,
the Monroe Construction Company and Laclede Trust
Company; that it have judgment against the defendant
Monroe Construction Company for the sum of $327.15,
with interest thereon at the rate of six per cent. per
annum from April 1, 1914, and for costs, and a special
judgment and decree binding and subjecting the
premises described, being contiguous lots of ground, and
the improvements thereon, to and for the payment of
plaintiff's judgment, with interest and costs of suit and
that the court determine, establish and enforce the
various and respective rights of the parties to this suit
and in case of sale of the property, that the court equally
distribute the proceeds thereof; that if there are other
persons interested in the subject-matter of the suit they
be allowed to intervene as parties plaintiff or defendant,
and for such other and further orders as may be meet
and proper.

This petition was duly verified and it was filed on
October 5, 1914, in the office of the clerk of the circuit
court of the city of St. Louis.

The attached statement of account referred to in
the petition shows the dates of delivery of various grades
of brick to the Monroe Construction Company for use
in the three houses described in the petition, no attempt
being made to apportion the brick for each house, but
the account being stated as one account against all three.

The petition, as stated, was filed on October 5, 1914.
That being the first day of the October term of the court,
the summons was returnable to the first day of the suc-
ceeding term, which would be December 7, 1914. On
that date an answer and intervening petition for the
enforcement of a mechanics' lien was filed by the Glen-
coe Lime & Cement Company which was afterwards
withdrawn, and on the same day an answer was filed by
the St. Louis Lumber Company. This latter substan-

tially follows the allegations of the petition as to the notes and deed of trust and unknown ownership of the note, and sets out that a claim of a lien for $72.14 was duly filed by the St. Louis Lumber Company on September 23, 1914. The lots are described as in the petition. On December 9, 1914, an order of publication was sued out by plaintiff and ordered to be issued and was issued on December 10th against all the named defendants and "the unknown consorts, heirs, grantees," etc.; of Fred. W. Lovett. The order is in unsual form and sets out that it appeared by the petition that there are unknown persons interested or claiming to be interested in the property, deriving title through Fred W. Lovett. by virtue of the deeds and deeds of trust set out in the petition, describing them, and that plaintiff claims a a lien for $327.15, the St. Louis Lumber Company for $72.14, and Goldberg for $579.99, and the unknown consorts, etc., claiming under Lovett, are ordered to appear in court at the February, 1915, term and answer, etc. It was first published December 17, 1914, its last publication being on January 7, 1915. Proof of publication was filed February 11, 1915.

On December 16, 1914, the Laclede Trust Company filed its answer, afterwards filing an amended answer on February 25, 1915, to plaintiff's petition and to the intervening petition of the St. Louis Lumber Company, and on April 9, 1915, the Laclede Trust Company was granted fifteen days further time to plead. On April 24, 1915, it filed its second amended answer.

In this second amended answer the Laclede Trust Company, denying each and every allegation in the petition, by way of cross-bill, sets up that on February 4, 1914, the Monroe Construction Company was the owner of the lots described and executed the first three deeds of trust set out in the petition on each of the respective three lots; that immediately upon the execution of these deeds and their execution and delivery, Lovett indorsed all of the notes secured by the deeds of trust without recourse, and immediately transferred the notes and deeds of trust and had never had any interest in any

of them since February 4th; that it (the defendant Laclede Trust Company) became the owner and holder for value of the first two deeds of trust on lots 22 and 24, together with the buildings and improvements thereon, and default having been made in each, the deeds of trust held by the defendant Laclede Trust Company were duly foreclosed by the successor in trust of Goodnow, and that the defendant Laclede Trust Company became the purchaser and received deeds from the trustees for both of the lots and improvements thereon, each dated November 14, 1914, the date of the sales, and duly recorded November 16th of that year, and it is averred that it, the defendant Laclede Trust Company, is now the absolute owner of both lots 22 and 24 and the buildings and improvements thereon; that the holder of the deed of trust on lot 23, at the time of its transfer by Lovett on February 4th, and at the time of the erection of the buildings and improvements on lots 22, 23 and 24, and at the time of the filing of the alleged mechanics' liens against all said lots and the buildings and improvements thereon and at the time of the bringing of this suit by plaintiff and at all times since its transfer by Lovett was never made a party to this suit, ''unless such holder be considered as one of the parties included in the order of publication made by this court on December 9, 1914, at the request of plaintiff.'' What became of the notes to Lovett secured by the second deed of trust is not stated.

It is further averred that plaintiff and the other alleged mechanics' lien claimants deliberately, without cause, unnecessarily delayed the prosecution of this suit and of the proceedings to establish their said alleged mechanics' liens against the holder of said deed of trust on lot 23, and deliberately and unnecessarily delayed for more than ninety days after the filing of each of the alleged mechanics' leins by plaintiff and defendants until December 9, 1914, to sue out an order of publication, when plaintiff in this cause moved this court to make said order of publication as to unknown consorts, etc., returnable to the February term, 1915, of this court,

and although the clerk of this court made out a certified copy of this order of publication the following day, yet none of the alleged mechanics' lien claimants, plaintiffs or defendants, did anything towards publishing said order or proceeding against said unknown consorts, etc., named and referred to in said order until December 17, 1914, when occurred the first publication in a newspaper of said order.''

It is further averred in this second amended answer of the Laclede Trust Company that default had also been made in the deed of trust which was on lot 23 and the holder of that deed of trust was in the same position with reference thereto as this defendant Laclede Trust Company was with reference to lots 22 and 24, and became practically the real owner of said lot 23 and the buildings and improvements thereon, and it is averred that accordingly, ''as this suit and the proceedings thereunder were not begun as to said holder of said deed of trust on an owner of said lot 23 within the ninety days required after the filing as to the respective alleged mechanics' lien claims herein, contrary to the provisions of section 8228, Revised Statutes of Missouri, 1909, and as the prosecution of said suit and of said alleged mechanics' lien claims was not without unnecessary delay with respect to said other holder of said deed of trust and owner of said lot 23, any accounts, statements and alleged lien claims filed by plaintiff or any of the defendants, cannot become liens against the said three lots nor against the buildings and improvements thereon, and as any such alleged accounts, statements or alleged mechanics' lien claims cannot affect the interest of said holder of said deed of trust on and the owner of said lot 23, none of them can or should be established as mechanics' liens against this defendant's interest in said lots 22 and 24, and the building and improvements thereon, particularly as each and all of said alleged mechanics' liens, accounts, statements and claims are in blanket form as claims against all of said three lots and the buildings and improvements thereon, and not apportioned as to the respective lots and buildings and improvements

thereon." Further setting out that plaintiff and the other defendants each make claim to some interest in and to this defendant's said lots and buildings and improvements thereon, this answer attacks the claim of defendant Goldberg as of no validity. Finally, the Laclede Trust Company prays the court to define, adjudge and determine the estate, title and interest of all the parties hereto severally in and to each and all of the lots and buildings, that the defendant Trust Company be declared the absolute owner of lots 22 and 24 and the buildings and improvements thereon and that none of the other parties to the suit have any right to, claim or lien or interest therein and that the defendant Goldberg be enjoined from asserting any claim on any of the lots by virtue of his alleged judgment, and the Trust Company prays for such other and further orders and relief as may seem proper.

Replies were filed to this last answer and on March 9, 1915, default was entered against the Monroe Construction Company, Lovett, Goodnow, the trustee, and the Lanes, as was done also afterwards against the defendant Eva L. Wertz, who was brought in by alias summons.

The cause was heard before the court on June 9, 1915, and on July 19, 1915, during the June term of the court, it entered up judgment, finding that the defendant Lane, on and prior to February 3, 1914, was the owner in fee of the contiguous lots or premises, describing them as set out in the petition; that on that date Lane and his wife transferred the property by warranty deed to the defendant Eva L. Wertz and that this transfer to Eva L. Wertz was for the convenience of the grantors and that said Eva L. Wertz had no personal interest in the property, she on that same date conveying it to the Monroe Construction Company by deed duly recorded and that this conveyence was made pursuant to a contract entered into between the Monroe Construction Company and Charles E. Lane, made prior to February 3, 1914, by which Lane agreed to convey the property to

defendant Monroe Construction Company, and that on or before January 17, 1914, the Monroe Construction Company was the equitable owner of the above described premises; that that company proceeded to erect and construct on the premises three one-story brick buildings, describing them, commencing the erection of the buildings on January 17, 1914, and thereafter on January 29, 1914, the Monroe Construction Company contracted in one general contract respectively with the plaintiff and the St. Louis Lumber Company for the furnishing of material for the three houses; that after the commencement of the erection of the buildings and during their erection the Monroe Construction Company executed and delivered the three deeds of trust first mentioned, describing them, and that the same company afterwards executed the three second deeds of trust, all executed to Goodnow, trustee for Lovett, as averred; that at the time of the institution of this suit the Laclede Trust Company was the holder of the notes secured by the first deeds of trust on lots 22 and 24 and subsequently became the owner of the lots by foreclosure under those deeds of trust; that the Monroe Construction Company had executed and delivered the three first deeds of trust in order to raise and procure the funds and money necessary to pay for the labor and material to be used in the erection of the building and improvements; that the proceeds of the deeds of trust were actually used in and for labor and material used in and entered into the construction of the buildings and improvements; that at and prior to the commencement of this action the defendant Monroe Construction Company was and is now indebted to the plaintiff and to the defendant St. Louis Lumber Company in the sums hereinafter severally stated for work and material severally done and furnished and used in the construction of the buildings and that the plaintiff and defendant St. Louis Lumber Company have established and perfected their mechanics' lien for said several sums on the premises, and setting out the accounts as claimed and adding interest, judgment is entered against the Monroe Construc-

tion Company in favór of the Hydraulic Press Brick Company and the St. Louis Lumber Company for those amounts and costs of perfecting their liens and against the defendant Goldberg on his claim to a lien, liens being declared in favor of the plaintiff and the St. Louis Lumber Company for their judgments against the lots, describing them as set out in the petition and as being contiguous. The court further adjudges and decrees that all and singular the mechanics' liens and judgment thereon herein adjudged as aforesaid "are prior and superior to the liens created by the above-mentioned deeds of trust securing the payment of promissory notes therein respectively described, executed by the Monroe Construction Company on the parts and portions of said property hereinabove described and superior to the interests of Charles E. Lane, Lora B. Lane, his wife, Eva L. Wertz, Monroe Construction Company, Lacdede Trust Company and the holder of the deed of trust on lots 23." Goldberg is also enjoined from levying any execution on the premises herein described by virtue of his judgment heretofore obtained before the justice, purporting to establish a mechanics' lien on the property.

The judgment then proceeds to award, first, general execution against the Monroe Construction Company and if the debts adjudged are not satisfied then special execution for any balance, the residue be made out of the property by sale thereof as in the case of the sale of real estate under judgments and executions, the order directing the sheriff "to sell said three dwellings and the parcels of ground upon which they are situated, separately and each one for itself, the proceeds of the sale of said three houses to be held and kept separately and to be reported to the court, approve or disapprove said sales or either of them, and this court to marshal and distribute said proceeds among the parties hereto according to their respective legal and equitable rights therein, by such further orders and decrees as this court may then give."

"And the court does retain jurisdiction of this action for such further orders and decrees as may be proper."

The Laclede Trust Company filing its motion for a new trial as well as in arrest of judgment and both of them being overruled, has appealed to this court, the respondents being the Hydraulic Press Brick Company and the St. Louis Lumber Company.

REYNOLDS, P. J.—(after stating the facts as above). It will be noticed that as there were several parties claiming to hold mechanics, or materialmen's liens against the property, this proceeding is under the provisions of the Act of the General Assembly of our State, approved April 3, 1911 (Laws 1911, p. 314), as it has for its object the marshalling and distribution of the proceeds of the sale of the property among the parties according to their respective legal and equitable rights therein, and is to be treated as an "equitable action for the purpose of determining, establishing and enforcing the various and respective rights of the parties thereto and for the purpose of marshalling, applying and distributing the proceeds of the sale of such property that may be ordered and decreed in said action." See section 8235a, Act of April 3, 1911, above referred to.

A question suggested itself to the court as to whether the judgment entered therein was a final judgment.

We have set out the judgment practically in full and it will be noticed that it substantially follows the provisions of section 8235a, Laws 1911, p. 314, ordering, however, a sale of each lot separately, and directing the sheriff to report the result of the sale and to hold the proceeds of the sale subject to the order of the court, the court retaining jurisdiction of the cause for that purpose. After submission, we ordered the cause set down for argument on the question of whether there was a final judgment in the case, from which an appeal would lie. That has been argued before us. Our conclusion is that it is a final judgment as sustains an appeal,

and so counsel for the respective parties claim. It is said, 3 Corpus Juris., page 445:

"If that which may come before the court for further action or direction is necessary for carrying the judgment or decree into effect, or is merely in execution of the judgment or decree, it is final and appealable. Therefore, a reservation in a decree of a right to apply to the court for any order that may be necessary to the due execution of the decree does not destroy its appealability. And a judgment which completely settles the rights of parties is final, although there is an order retaining the cause on the docket for the purpose of executing the judgment, which is discharged by the payment of the amount of the judgment into court."

It is further said in the same work, page 449, that "according to the weight of authority, the proper distinction is that if the decree disposes of all questions within the pleadings, and nothing remains but to adjust an account between the parties in the execution of the decree, or there is a reference as to a collateral matter only, it is final for the purpose of an appeal; . . ." And it is further said, page 459 (sec. 274) of the same work, that in accordance with the principle stated before and "aside from any statutory provision the general rule is that a judgment, order, or decree which adjudicates and settles all the equities and substantial merits of the controversy is final for the purposes of an appeal, although some incidental or dependent matter may still remain for adjustment, or further proceedings may be contemplated and necessary in the execution of the judgment, order or decree." In line with this, see Hemm v. Juede, 153 Mo. App. 259, 133 S. W. 620; and Miller v. Connor, 177 Mo. App. 630, 160 S. W. 582. We therefore hold that there is a final judgment in this cause from which an appeal lies.

The learned counsel for the appellant makes three assignments of error: First, that the court erred in subjecting the deed of trust held by the Laclede Trust Company and its interests to any mechanics' lien in favor of plaintiff; second, in subjecting the deed of trust

held by the Laclede Trust Company and its interests to any mechanics' lien in favor of the St. Louis Lumber Company; and, third, "if the Laclede Trust Company, to protect its interests, must pay, it should not be required to pay all or to pay for what went into the building on lot 23, in which it was not interested, but only for what went into the two buildings on which it had the deed of trust, and if required to pay all, then there should be provisions and directions as to what could be done for its reimbursement against the interests in lot 23 and the building thereon." All these will be considered together.

The first point made by learned counsel for appellant under these assignments is to the effect that the only service in this State as to the holder of the first deed of trust on lot 23 and the building on it was by publication and the suit could not be deemed commenced as to such holder until plaintiff had done all it could do to secure and make complete such service by publication, it being argued that this suit was not commenced as to such holder within ninety days after the filing of plaintiff's alleged mechanics' lien, and therefore did not bind such holder of the first deed of trust and the interest it held in lot 23 and building thereon, and that such lien failed to bind such holder and the first deed of trust and interest it held in lot 23 and its building being an alleged "blanket lien," seeking to bind all, it also failed to bind the Laclede Trust Company, under the first deed of trust and the interest it held in lots 22 and 24 and the buildings thereon. It is also urged that there was an unnecessary delay by plaintiff in prosecution of the suit for mechanics' lien, which it is claimed, was fatal. We see no merit in either contention.

A suit is held to have been commenced in our State by the filing of a petition with the clerk of the proper court. [Revised Statutes 1909, section 1756.] Construing this section, our Supreme Court held in South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811, that this had always been the law of our State prior to the enactment of the section, namely, that the

filing of the petition was the commencement of the action, and that that section made no practical change in the law as it had uniformly been construed. In State ex rel. Evans v. Broaddus, 245 Mo. 123, 149 S. W. 473, our Supreme Court said (1. c. 137), construing this same section, that it has always been held that an action is begun in a court of record when the petition is filed, "this, even although summons may not thereafter be issued until the action is barred." Many cases are cited in support of this. So Riverside Lumber Co. v. Schafer, 251 Mo. 539, 158 S. W. 340, also holds.

Learned counsel for the appellant argues that this does not apply to orders of publication. We find no authority which sustains any proposition of this kind.

But it is said that there was undue delay on the part of the plaintiff, apparently, in proceeding with the case.

This action was commenced by the filing of the petition, which occurred October 5, 1914. The cause was returnable to the December term of the court. At that term the order for publication was issued and publication duly made and proof of publication filed. The plaintiff, of course, was a party to the action and had commenced it within ninety days after filing its mechanics' lien. The defendant St. Louis Lumber Company, a party to the action named as a lien claimant, filed its lien September 23, 1914, and filed its answer setting up its lien in the case at bar December 7, 1914. That was within the ninety days required by law.

Learned counsel for appellant seems to contend that the St. Louis Lumber Company should have sued out a new order of publication. We know of no law requiring this. The publication sued out by the plaintiff was sufficient for the whole case and the Lumber Company was entitled to the benefit of that.

Section 8235e of the Act of April 3, 1911 (Laws 1911, p. 316), provides that the court shall have full power and jurisdiction to speed such an action and require service of process to be obtained speedily upon all parties therein "at the instance of any party either

plaintiff or defendant in said action or of its own motion." We find no application to the court by any party, nor did the court enter any order speeding the action, and the examination of the proceedings in the cause, as brought up to us by a supplemental abstract, shows that the cause was proceeded with in due, timely and orderly manner. The appellant itself, on April 9, 1915, was granted fifteen days to plead on its own motion and it did not file the answer upon which it subsequently stood, that being its second amended answer, until April 24, 1915. The cause came on for hearing before the court on June 9, 1915, and was then heard.

Counsel for appellant relies on the decision of our Supreme Court in Pitkin v. Flagg, 198 Mo. 646, 97 S. W. 162, as holding there was a fatal lack of diligence here. That has no application whatever here. In that case the circuit court ordered the plaintiff to bring in certain parties whose residence was known to plaintiff by a certain term. The plaintiff failing to do that, the court dismissed the cause and the Supreme Court held that was proper.

We see in this no delay which could be charged as unreasonable or with which the plaintiff or the St. Louis Lumber Company are responsible.

Beyond controversy the Laclede Trust Company is now the owner of lots 22 and 24. The present owners of lot 23 and of the notes and deeds of trust on it are alleged to be unknown but are brought in by the order of publication. Whatever rights they have have been determined in this cause as subordinate to the lien claims adjudged. The liens were filed on all three of the lots and this suit proceeds against, and its judgment concludes all known and unknown owners of the several notes or deeds of trust and the liens are held to be superior to all other claims. If there are equities between the unknown owners of lot 23 of the incumbrance on it and the Laclede Trust Company, they are not presented before us in such a manner that we can now determine them.

Discovering no reversible error in the proceedings and judgment of the circuit court, that judgment is affirmed. *Allen* and *Becker, JJ.,* concur.